McGREGOR W. SCOTT
United States Attorney
SHEA J. KENNY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br>SHARON ANN PERKINS,<br><br>             Defendant. | CASE NO.  2:20-CR-00190-JAM<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING PLEA HEARING; FINDINGS AND ORDER<br><br>DATE: January 12, 2021<br>TIME: 9:30 a.m.<br>COURT: Hon. John A. Mendez |

**BACKGROUND**

On October 13, 2020, the defendant Sharon Ann Perkins ("defendant") was charged by information with violation of 18 U.S.C. § 1855 – Willfully and Without Authority Setting Fire to Federal Land.  ECF 18.  On October 19, 2020, the defendant waived her right to prosecution by indictment, consented to prosecution by information, and was arraigned on the information.  ECF 21, 22. The parties are currently set for status hearing on January 12, 2021, and are prepared to proceed with a change of plea hearing on that date.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that

1  case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23

2  § 15002(b)(2).

3      On March 29, 2020, the Judicial Conference of the United States made the findings required by

4  the CARES Act, concluding that "emergency conditions due to the national emergency declared by the

5  President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to . . . [COVID-

6  19] have materially affected and will materially affect the functioning of the federal courts generally."

7      On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the

8  findings required by the CARES Act:  "[F]elony pleas under Rule 11 of the Federal Rules of Criminal

9  Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be

10  conducted in person without seriously jeopardizing public health and safety."  On June 29, 2020, the

11  Chief Judge of this District, per General Order 620, reaffirmed these findings and authorized

12  videoconferencing under the CARES Act for another 90 days.  On September 30, 2020, the Chief Judge

13  of this District, per General Order 624, again reaffirmed these findings and authorized video-

14  conferencing under the CARES Act for another 90 days.  On January 4, 2021, the Chief Judge of this

15  District, per General Order 628, again reaffirmed these findings and authorized video-conferencing

16  under the CARES Act for another 90 days.  Accordingly, the findings of the Judicial Conference and

17  General Orders 614, 620, 624, and 628 establish that felony pleas under Rule 11 of the Federal Rules of

18  Criminal Procedure cannot safely take place in person.

19      In order to authorize felony change of plea hearings by remote means, however, the CARES

20  Act—as currently implemented by General Order 628—also requires district courts in individual cases

21  to "find[], for specific reasons, that a felony plea or sentencing in that case cannot be further delayed

22  without serious harm to the interests of justice."  General Order 628 further requires that the defendant

23  consent to remote proceedings.  Finally, the remote proceeding must be conducted by videoconference

24  unless "videoconferencing is not reasonably available."  In such cases, district courts may conduct

25  hearings by teleconference.

26      In addition, General Order 616 provides that, where a defendant's signature is called for, unless

27  otherwise ordered by the court, defense counsel may sign electronically on the defendant's behalf using

28

STIPULATION REGARDING CHANGE OF PLEA HEARING          2

1  the format "/s/ name" and file the signed document electronically after the defendant has an opportunity

2  to consult with counsel and consent's to counsel's signing on defendant's behalf.

3          The parties hereby stipulate and agree that each of the requirements of the CARES Act and

4  General Order 628 has been satisfied in this case.  They request that the Court enter an order making the

5  specific findings required by the CARES Act and General Order 628.  Specifically, for the reasons

6  further set forth below, the parties agree that:

7          1)      The plea hearing in this case cannot be further delayed without serious harm to the

8  interest of justice, given the public health restrictions on physical contact and court closures existing in

9  the Eastern District of California, and the parties' mutual desire to resolve the case expeditiously as the

10  defendant is in custody pending trial and has indicated that she is ready to enter a guilty plea and resolve

11  this matter; and

12          2)      The defendant waives her physical presence at the hearing and consents to remote

13  hearing by videoconference and counsel joins in that waiver.

14                                          **STIPULATION**

15          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

16  through defendant's counsel of record, hereby stipulate as follows:

17          1.      The Governor of the State of California declared a Proclamation of a State of Emergency

18  to exist in California on March 4, 2020.

19          2.      On March 13, 2020, the President of the United States issued a proclamation declaring a

20  National Emergency in response to the COVID-19 pandemic.

21          3.      In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and

22  other public health authorities have suggested the public avoid social gatherings in groups of more than

23  10 people and practice physical distancing (within about six feet) between individuals to potentially

24  slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact,

25  and no vaccine currently exists.

26          4.      These social distancing guidelines – which are essential to combatting the virus – are

27  generally not compatible with holding in-person court hearings.

28

5.      On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6.      On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public.  It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

7.      On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload."  The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant).  The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8.      On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9.      On May 13, 2020, General Order 618 issued, continuing court closures "until further notice," and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

10.      Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

11.    The change of plea hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice.  If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

12.    Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference.  Counsel joins in this consent.

13.    Conducting the change of plea hearing by videoconference is furthermore appropriate in this case given the defendant's desire to plead guilty and the parties' mutual desire to resolve this matter expeditiously.

IT IS SO STIPULATED.

Dated:  January 7, 2021                          McGREGOR W. SCOTT
                                                 United States Attorney


                                                 /s/ SHEA J. KENNY
                                                 SHEA J. KENNY
                                                 Assistant United States Attorney


Dated:  January 7, 2021                          /s/ MEGAN T. HOPKINS
                                                 MEGAN T. HOPKINS
                                                 Counsel for Defendant
                                                 SHARON ANN PERKINS

## FINDINGS AND ORDER

1.    The Court adopts the findings above.

2.    Further, the Court specifically finds that:

        a)    The felony change of plea hearing in this case cannot be further delayed without serious harm to the interest of justice; and

        b)    The defendant has waived her physical presence at the hearing and consents to remote hearing by videoconference.

1    3.    Therefore, based on the findings above, and under the Court's authority under § 15002(b)

2 of the CARES Act, General Order 616, and General Order 628, the change of plea hearing in this case

3 will be conducted by videoconference.

4

5 IT IS SO FOUND AND ORDERED this 7th day of January, 2021.

6

7                                          /s/ John A. Mendez
                                          THE HONORABLE JOHN A. MENDEZ
8                                          UNITED STATES DISTRICT COURT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28